William A. McEvoy, Plaintiff and Appellant, *v.* Mariano Daniel Antonio Nadal-Lugo, represented by his mother, Ramona Lugo, who also appears for herself, Defendants and Appellees.

No. 3628. Argued June 24, 1925.—Decided July 30, 1925.

Costs—Withdrawal of Action—Discretion of Court.—Although the district courts have no discretion with regard to costs when the plaintiff withdraws his action, however, they have discretion to include or not in the costs the attorney's fees and to fix the amount thereof.

District Court of Mayagüez, Angel Acosta, J. Judgment dismissing the action on the plaintiff's own motion, with costs. *Affirmed as modified.*

*Alemañy & Ramírez* for the appellant. *Angel A. Vázquez* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The question in this case is whether or not when a plaintiff withdraws his action before trial the court has power to exonerate him from the payment of the costs of the adverse party, or at least from the payment of the fees of the attorney of the said adverse party.

The suit was brought by Abelardo González as attorney in fact of W. A. McEvoy to recover a debt. The complaint was amended so as to make W. A. McEvoy the plaintiff represented by this attorney in fact, González. It was again

amended by agreement of the parties and W. A. McEvoy alone appeared. Lastly, and due to the doubt that the jurisprudence established by the Supreme Court in the case of *J. Ochoa & Brother* v. *José González Clemente & Co.,* 29 P.R.R. 948, raised in the mind of the plaintiff's attorney, he moved the court to allow him to withdraw his action without costs and without prejudice to the creditor's right to file the action again in his own name. The court sustained the motion and on February 5, 1925, rendered its judgment. After the defendant had been notified of the judgment he moved the court to amend it by imposing the costs on the plaintiff and the court also sustained that motion, entering a new judgment on February 27, 1925, which is the object of this appeal.

Section 192 of the Code of Civil Procedure reads in part as follows:

"An action may be dismissed or a judgment of non-suit entered in the following cases:

"1. By the plaintiff himself, at any time before trial, upon the payment of costs; . . .".

In the case of *Candal* v. *Vargas,* 29 P.R.R. 603, it was held that "the allowance of costs and attorney fees is a matter exclusively within the discretion of the court, even in a special proceeding like an election contest." That case was based on the case of *Zorrilla* v. *Orestes,* 28 P.R.R. 698, wherein a study was made of the Costs Act of 1908 (Comp. 5371) and of Act No. 38 of 1917 on the same matter by comparing them with the provisions of the Code of Civil Procedure of 1904, which are related to them, and the conclusion was reached that the Legislature intended "to make the matter of costs and fees practically what it had been in the local courts before 1904." It was concluded also that "section 328 of the Code of Civil Procedure was repealed and that costs 'as a matter of course' do not exist in Porto Rico."

Notwithstanding the amplitude of that jurisprudence, we understand that the provision of section 192 of the Code of Civil Procedure, *supra,* is in force. The mind of the court was directed to suits or proceedings decided on their merits or which had been contested. Respecting a dismissal on the plaintiff's own motion, it is a condition imposed by law which may and should stand.

Now, considering the letter and spirit of the new laws on the subject, we believe that although the district court had no discretion in the case before us as regards the imposition of costs, it had discretion to include or not in them the attorney's fees and to fix the amount thereof.

Judging the circumstances of the case under consideration, we believe that the plaintiff has not been temerarious and desired to prosecute his action in due form and in conformity with the established jurisprudence. In the new suit that he may bring there will be an opportunity to judge the justice or injustice of his claim. This being so, and taking into consideration the district court's understanding of the case as shown by its first judgment, the order appealed from should be modified by adding the words "and ordering said plaintiff to pay the costs, without including attorney's fees," and as modified it should be affirmed.